IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | CHAPTER 7 |
| | ) | |
| WALKER, PAUL R. | ) | CASE NO. 06-10762-JHS |
| WALKER, MILLIE L. | ) | |
| Debtor(s). | ) | Hon. John H. Squires |

**SUPPLEMENT TO TRUSTEE'S APPLICATION FOR FINAL COMPENSATION**

This matter comes before the Court on the application (the "Application") of David R. Brown ("Trustee") for chapter 7 trustee final compensation. In the Application, Trustee has requested compensation as calculated according to the percentages set forth in Section 326 of Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101 *et seq.*, irrespective of any "lodestar" calculation of compensation.[1] Trustee asserts that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended the pre-BAPCPA Code §330 to direct that Chapter 7 trustee compensation be treated as a commission and to render the application of lodestar calculations inappropriate.[2]

**I. JURISDICTION AND PROCEDURE**

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] A description of Trustee's activities and the time spent in performing those activities is included in Trustee's Final Report previously filed in this case. In substance the case involved the sale of the Debtors' residence and a resolution, through litigation and negotiation, of the entitlement to competing mortgage creditors, mechanic's lien creditors, and judgment lien creditors to be paid from the proceeds of sale. Ultimately a resolution was reached allowing secured and lien creditors to be paid in the appropriate order of priority in far less time and at far less cot than would have otherwise been the case were this case prosecuted in the State courts.

[2] This case having been filed subsequent to the effective date of BAPCPA, the provisions thereof are applicable to this case.

1

## II. BAPCPA AMENDMENTS TO CODE SECTION 330.

### A. Trustee Fee Applications Prior to BAPCPA

Prior to BAPCPA, courts considering a chapter 7 trustee's compensation under §§326 and 330 of the Bankruptcy Code would first consider Code §326, which reads in pertinent part: "In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title…," (*remainder omitted)* and goes on to set forth percentage limitations on trustee compensation. Therefore, the next step in the analysis is §330.

*Prior to BAPCPA*, the pertinent part of the statute, §330(a), read:

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing … the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 –
    (A) reasonable compensation for actual, necessary service rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person: …

(a) (3) (A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including –
    (A) the time spent on such services;
    (B) the rates charged for such services;
    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and
    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title."

(11 U.S.C. §330(a)(3) - *prior to amendment by BAPCPA*)

Furthermore, for additional analysis, courts applying the lodestar method could consider the factors described in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) (as the seminal opinion setting forth 12 factors to be considered in determining reasonable hourly

rates and reasonable hours for an award of professional fees) (See also: *In re Stoecker*, 118 B.R. 596, 601-602 (Bankr. N.D. Ill. 1990) and *In re Rybka*, 339 B.R. 464, 468 (Bankr. N.D. Ill. 2006)). The result has been called a "standardless mess" by one commentator. (See: *Gary W. Marsh*, *Paying Trustees Post-BAPCPA: Small Change, Big Impact*, ABI Journal, September 2007). It is against this backdrop that Congress made important amendments to §330 in BAPCPA.

### B.   The BAPCPA Amendments to Trustee Compensation

BAPCPA did not make any changes to 11 U.S.C. § 326 and it remains intact. However, Congress made several changes to §330. Section 330(a)(3) pertains to the determination of reasonable compensation for certain entities. First, BAPCPA amended §330(a)(3) to include additional limitation language which specifically excludes Chapter 7 Trustees as follows:

*(Emphasis added to show changes)*

> (3) ~~(A)~~ In determining the amount of reasonable compensation to be awarded *to an examiner, trustee under chapter 11, or professional person,* the court shall consider the nature, the extent, and the value of such services, taking into account all relvant factors, including … (*remainder excluded as unchanged).*

Secondly, BAPCPA added a new sub-paragraph designated §330(a)(7) which creates additional clarifying language regarding Trustee compensation as follows: *(emphasis added)*

> *[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.*

The amendments taken together carved out a separate and distinct category for the calculation of reasonable compensation for chapter 7 trustees.

### C.   Initial Interpretations of Amendments to §330

3

The apparently subtle changes to §330 were not the blockbuster highlights of the amendments in BAPCPA. Most of the early commentary on BAPCPA focused on the "means test", the reaffirmation process, and other hotly debated subjects. However, learned professionals commenting on the subject realized the change and noted as much in their writings.

Bankruptcy Judge Eugene Wedoff provided the following summary of BAPCPA Section 407 (the section of the BAPCPA amendment amending 11 U.S.C. §330) as follows:

"G. Trustee Compensation

• BAPCPA Section 407

Section 330(a)(3) is amended to exclude chapter 7 trustees from the professionals whose compensation is to be based, among other things, on the time spent in providing their services.[162] Rather, new § 330(a)(7) is added, providing that the reasonable compensation of "a trustee" shall be treated "as a commission, based on § 326."[163] Although new paragraph (a)(7) is not limited by its terms to chapter 7 trustees, chapter 11 trustees are expressly included in the list of professionals subject to § 330(a)(3), and so it is doubtful the new paragraph applies to chapter 11 trustees. "

*Wedoff, Judge Eugene R., Major Consumer Bankruptcy Effects of BAPCPA,* University of Illinois Law Review, Vol 1 (2007) (an earlier version of the article appeared on the web site of the American Bankruptcy Institute in 2005)

This analysis paralleled the original summary reported by the House of Representatives upon consideration of BAPCPA. In both the House (H.R. 685) and Senate (S. 256) versions of the bill, the summary of the amendments to §330 (which were contained in Section 407 of the bill), stated as follows:

"Amendments to Section 330(a) of Title 11, United States Code.

Section 407 amends section 330(a)(3) of the Bankruptcy Code to clarify that this provision applies to examiners, chapter 11 trustees, and professional persons. This section also amends section 330(a) to add a provision that requires a court, in determining the amount of reasonable compensation to award to a trustee, to treat such compensation as a commission pursuant to section 326 of the Bankruptcy Code."

4

2005  U.S.C.C.A.N. 88, 2005 WL 832198

Furthermore, a review of the treatise, *Collier on Bankruptcy,* indicates that in the commentator's view of the new §330, the "primary effect of the change should be that, in the majority of cases, a trustee's allowed fee will presumptively be the statutory commission amount. " *L. King, Collier on Bankruptcy,* par. 330.03 [1][a] (15th ed. Rev'd 2006).

### III. <u>APPLICABLE STANDARDS OF STATUTORY CONSTRUCTION</u>

"It is axiomatic that '[t]he starting point in every case involving construction of a statute is the language itself'" *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685; 105 S. Ct. 2297; 85 L. Ed. 2d 692 (1985), *quoting Blue Chip Stamps v. Manor Drug Store,* 421 U.S. 723, 756; 95 S. Ct. 1917; 44 L. Ed. 2d 539 (1975).  When the statute's language is plain, the sole function of the courts -at least where the disposition required by the text is not absurd- is to enforce it according to its terms. *Lamie v. United States Trustee,* 540 U.S. 526, 534; 124 S. Ct. 1023; 157 L. Ed. 2d 1024 (2004).

As to statutory amendments, "when Congress acts to amend a statute, the court presumes it intends its amendment to have real and substantial effect." *Pierce v. Guillen,* 537 U.S. 129, 145; 123 S. Ct. 720; 154 L. Ed. 2d 610 (2003), *quoting Stone* v. *INS,* 514 U.S. 386, 397, 131 L. Ed. 2d 465, 115 S. Ct. 1537 (1995). Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.[3] *Russello v. United States,* 464 U.S. 16, 23; 104 S. Ct. 296; 78 L. Ed. 2d 17 (1983).  Additionally, a statute should be construed so that no clause, sentence or word shall be superfluous, void, insignificant or surplus. *Duncan v. Walker,* 533 U.S. 167, 174; 121 S. Ct. 2120; 150 L. Ed. 2d 251 (2001).  Further, it is

---

[3] The phrase *expressio unius est exclusio alterius* is commonly used to describe this concept.

fundamental that the words of a statute must be read in their context and with a view to their place in the global statutory framework. *Davis v. Michigan Department of Treasury,* 489 U.S. 803, 809; 109 S. Ct. 1500; 103 L. Ed. 2d 891 (1989).

## IV.  DISCUSSION AND ARGUMENT

### A.  The BAPCPA Changes to §330 are Clear and Unambiguous

**1. §330(a)(3) does not apply to chapter 7 trustees and they are not subject to its limiting provisions or lodestar analysis**

As the U.S. Supreme Court stated in *Landreth,* 473 U.S. 681, the starting point is the language of the statute. *Id. at 685.* In amended §330(a)(3) there is no ambiguity; the subsection is clear and concise. The subsection states that it is only to be applied to "to an examiner, trustee under chapter 11, or professional person" (citation omitted). That the subsection expressly includes chapter 11 trustees but not chapter 7 trustees clearly evidences an intent by Congress to exclude Chapter 7 trustees from its provisions. This is the plain reading as directed by *Lamie,* 540 U.S. 526 at 534, and this interpretation of the statute does not result in an absurd outcome from application of the statute.

**2. Section 330(a)(7) mandates that chapter 7 trustees are to be paid a commission**

Having clearly excluded chapter 7 trustees from the provisions of Code §330(a)(3), Congress provided a new compensation scheme for chapter 7 trustees through the addition of subsection §330(a)(7). The newly added §330(a)(7) was a deliberate act by Congress to complement and operate in conjunction with the intentional omission of chapter 7 trustees from the framework of §330(a)(3). While §330(a)(7) does not expressly limit its application to chapter 7 trustees, it does specifically state that it applies to a "trustee" without further designation. As stated by the Supreme Court in *Davis*, 489 U.S. 803, analysis of the statute must give meaning to all of the words of the statute with a view towards their place in the global

6

statutory scheme. *Id. at 809.* Since compensation of chapter 11 trustees is expressly enumerated in §330(a)(3) and compensation of chapter 12 and 13 trustees is exclusively covered under 28 U.S.C. §586(e), it follows that the language of §330(a)(7) can *only* apply to chapter 7 trustees.

Thus, §330(a)(3) applies to chapter 11 trustees and §330(a)(7) applies to chapter 7 trustees. As to chapter 11 trustees, the plain language of §330(a)(3) dictates that the court must also consider such factors as time expended and hourly rates. However, this language is completely absent from §330(a)(7) and as such Congress intended that the limiting factors of §330(a)(3) do not apply to chapter 7 trustee compensation.[4] As the Supreme Court stated in *Russello,* 464 U.S. 16, it is generally presumed that Congress acts intentionally and purposely when it includes language in one section but omits it from another. *Id. at 23.*

The language of the BAPCPA amendments to §330 therefore excludes chapter 7 trustees from the lodestar-type analysis of pre-BAPCPA law. In place of such a lodestar analysis, Congress clearly and unambiguously mandated that reasonable compensation of a chapter 7 trustee shall be treated as a commission based on Code §326.

### 3. Application of the term "Commission" as required under §330(a)(7)

The word *commission* is not defined in either the Bankruptcy Code or the United States Code. Unless otherwise defined, words in statutes are interpreted using their ordinary, contemporary meaning. *Perrin v. United States*, 444 U.S. 37, 42; 100 S. Ct. 311; 62 L. Ed. 2d 199 (1979). According to *Black's Law Dictionary*, the term "commission" means: "Compensation: the recompense, compensation or reward of an agent, salesman, executor, trustee, receiver, factor, broker, or bailee, when the same is calculated as a *percentage of the*

---

[4] This determination is even recognized in the case of *In Re Ward*, 366 B.R. 470 (Bankr. W.D. Pa. 2007), in which the court, while ruling against the trustee's application for full compensation under §§326 and 330, noted that §330(a)(3) is not applicable to chapter 7 trustees. *Id. at 473.*

7

*amount of his transactions* or on the profit to the principal." *Black's Law Dictionary* 5th Edition, (1979) (emphasis added). Therefore, §330(a)(7) clearly dictates that reasonable compensation for chapter 7 trustees shall be a commission and, as such, shall not be subject to the limitations proscribed for chapter 11 trustees and other professionals enumerated in §330(a)(3), but shall be based upon those percentages already provided for in Code §326.

The court is compelled to interpret the word *commission* this way. Doing so gives credence to the intentional act of Congress which included it in the statute. As the Supreme Court stated in *Pierce,* 537 U.S. 129, when Congress acts to amend a statute the court presumes it intended the amendment to have real and substantial effect. *Id. at 145.* Conversely, failing to interpret the word *commission* this way renders it surplus or insignificant and violates the statutory construction canon as stated in *Duncan,* 533 U.S. 167 at 174.

**4. The BAPCPA amendments to §330 provide a clear and consistent statutory scheme for determination of chapter 7 trustee reasonable compensation**

Taken together, Code §326 and Code §330 provide a clear statutory framework for the court to follow in analyzing an application for reasonable compensation by a chapter 7 trustee. As stated by the Supreme Court in *Landreth,* 473 U.S. 681, the interpretation starts with the language of the statute itself. *Id. at 685.* Further, the court must enforce the statute according to its terms when doing so is not absurd. *Lamie,* 540 U.S. 526 at 534. Taking the statutes in logical order, the first place to start is §326, which provides, that: "In a case under Chapter 7 or 11, the court may allow reasonable compensation under §330". *(citation omitted).* That language is clear and unambiguous.

Following the clearly articulated statutory framework, the court must then look to Code §330. As analyzed *supra* the BAPCPA amendments to Code §330 dictate that the court shall treat reasonable compensation for a chapter 7 trustee as a commission "based" on Code §326.

Thus the court is again clearly directed to Code §326 which defines the percentages to be awarded to the trustee in declining amounts inverse to the amounts of assets collected and actually disbursed. This statutory framework is clear and unambiguous and the result is not absurd. Further, it recognizes the import of Code §330(a)(7) and gives meaning to all of the words of the statute.

### 5. The commission percentages dictated by §326 set the amount of presumptively reasonable compensation for chapter 7 trustees

Statutory text is the starting point for statutory construction. *Kelley v. Robinson,* 479 U.S. 36, 43; 107 S. Ct. 353; 93 L. Ed. 2d 216 (1986). Following the statutory framework, §330(a)(7) clearly directs the court to calculate Trustee's commission "based" on the percentages proscribed by §326. Nothing to the contrary appears in the language of either section. While Code § 326 sets forth a percentage commission scheme as a maximum compensation scheme, the use of the word "based" in Code §330(a)(7), as opposed to a phrase such as "limited by," or "subject to" indicates that the percentages set forth in Code §326 are more than just limitations, but also as the presumptive starting point for the Court in determining reasonable compensation for a chapter 7 trustee.

Although Congress mandated that chapter 7 trustees are not subject to the limiting considerations of §330(a)(3), it did not completely remove the element of reasonableness from consideration in the overall framework of §330. Section 330(a)(1) dictates that the court, after proper notice, may award to a trustee "reasonable compensation". But while subsection 330(a)(1) contains the term "reasonable compensation", the Bankruptcy Code fails to define it. Nonetheless, the court can follow a similar analysis as in *Perrin*, 444 U.S. 37 (1979), to give meaning to words not defined by the statute. *Id. at 42.* Taking first the word "compensation"; among the definitions given in Black's *Law Dictionary* is, "Remuneration for services rendered,

9

whether in salary, fees, or commissions." *Id.* The word reasonable is given the definition of, "Fair, proper, just, moderate, suitable under the circumstances." *Id.* Thus, while the court is directed to decide what is *reasonable compensation* under §330(a)(1)(A), it is also - as demonstrated *supra* - restrained from applying the limiting factors of §330(a)(3) or similar lodestar type analysis.

Indeed, Congress answered this question of what is "reasonable" with respect to attorneys, chapter 11 trustees and other professionals by providing a list of factors to consider in §330(a)(3). By omitting these limiting factors from §330(a)(7) Congress had mandated that such an analysis is inappropriate for determining the amount of reasonable compensation for chapter 7 trustees - *expressio unius est exclusio alterius.*

With respect to reasonableness under §330(a)(7), nothing to the contrary requires the court to look outside the statutory interplay between §330(a)(7) and the percentages contained in §326. There is a direct connection between the two sections. Congress has spoken and chapter 7 trustees shall be paid the amount of fair, just, moderate and suitable under the circumstances or otherwise reasonable compensation based on the commission schedule contained in §326. The language is clear and unambiguous. It gives meaning to all terms used by Congress. The outcome is not absurd. The interpretation fits within the overall statutory framework. It is exactly what Congress intended.

**B. Alternative analysis to the automatic lodestar application as a requirement for determination of reasonableness.**

The addition of the limitation language which specifically excludes Chapter 7 Trustees from the applications of amended §330(a)(3), combined with the concurrent and specific directive that Trustee compensation be treated as a commission through amended §326, provides a starting point for the Court's analysis of the tension between the operative terms:

10

"commission" and "reasonable compensation." Notwithstanding Congressional directive as previously argued herein, where the Court is constrained and compelled to continue to apply a review of reasonableness for trustee compensation, the calculation for trustee compensation in §326 can at once serve as *both* commission *and* threshold for reasonable compensation, thereby satisfying both the legislative intent of the operative amendments of BAPCPA and the Court's continued charge for review of said compensation for reasonableness.

In a case that provides an analogous compensation analysis, the Supreme Court has provided a framework for just such a pragmatic and workable solution. In *Gisbrecht v. Barnhart,* 535 US. 789, 800 (U.S. 2002), the Court considered and ruled on an appropriate method for determination of reasonable fees under 42 U.S.C. 406(b) (Public Health Services) in the context of representation in Social Security Disability cases. Section 406(b) allows for contingent fee agreements between claimant and counsel in a Social Security Disability case if not in excess of twenty-five percent of the past due benefits. Specifically, the Court weighed whether the contingent fee agreements were presumptively reasonable under the twenty-five percent limitation imposed by that section or whether the Courts should begin with a lodestar calculation as proscribed in the *Johnson* case and its progeny. In an 8-1 opinion, (Justice Scalia *dissenting)* the Court ruled that such contingent fee agreements were presumptively reasonable provided they were up to, or within, the twenty-five percent limit emplaced by 42 U.S.C. §406(b). The Court reasoned that §406(b) was enacted at a time when contingent fee agreements were prevalent in Social Security cases and before the lodestar method of calculation of fees was developed such that §406(b) prohibited only unreasonable contingent fee agreements and the pre-established percentage-cap agreements remained reasonable and enforceable. Although factually and statutorily distinguishable from the case at bar, the Supreme Court has provided

important precedential guidance through simultaneously applying an accepted and allowable percentage limit with a reasonableness finding, thus obviating the automatic mandate of a lodestar analysis.

### C. Court opinions construing BAPCPA amendments to §330 are unsound

As the Court is aware, a limited number of opinions exist concerning the application of amended §330 and chapter 7 trustee compensation. Each of these cases exhibits an unyielding allegiance to the lodestar analysis, notwithstanding the operative language amendments by Congress and the principles of construction enunciated by the Supreme Court in *Pierce v. Guillen*, *supra*. Accordingly, the soundness of these opinions is questionable as they fail to contemplate the direct, deliberate and conjunctive amendments set forth by Congress through BAPCPA.

*In re Clemens,* 349 B.R. 725 (Bankr. D.Utah 2006) is unsound, but has become the basis for later opinions despite it flaws. The *Clemens* court concluded that courts must apply a lodestar analysis using the *Johnson* factors. *Id. at 727-730.* In doing so, the court relied upon prior case law and basically ignored the new subsection §330(a)(7), acknowledging that in doing so it may be rendering it merely surplusage. *Id. at 731. Clemens* is seriously flawed and appears to represent a determination to cling to a prior standard in the face of clear Congressional intent to change. Lastly, the decision in *Clemens* appears to have been rendered without any briefing of these issues. *See Official Court Docket in Case No. 06-20124, United States Bankruptcy Court for the District of Utah.* Such briefing would have allowed for more thorough consideration of the issues.

The serious flaws in the *Clemens* opinion provided the basis for several subsequent opinions which unfortunately cite to it without providing much in the way of further analysis of

12

the amendments. The court in *In re Ward*, 366 B.R. 470 (Bankr. W.D. Pa. 2007) cited *Clemens* extensively. The *Ward* court fashioned its own brand of subjective reasonableness to the issue of chapter 7 trustee compensation that inexplicably failed to follow either a lodestar analysis or any other cognizable standard. Further, the court cited numerous cases from the pre-BAPCPA period, which shows that the court simply chose to ignore the BAPCPA amendments almost entirely. *Id. at 473*.

Building on the shaky foundations of both *Clemens* and *Ward,* other courts have espoused similarly unsound opinions. *In re Mack Props.*, 381 B.R. 793, (Bankr. M.D. Fla. 2007) citing *Clemens* for the proposition that reasonableness must be applied, the court awarded the trustee less than half the requested compensation as calculated under §330(a)(7) and §326. *Id. at 799*. Further, the court in *In re McKinney,* 374 B.R. 726 relied on *Clemens* and *Ward* in concluding that the §330(a)(7) commission is only a starting point and requiring analysis of time spent to determine reasonable compensation. *Id. at 730*.

The court in *In re McKinney,* 383 B.R. 490 (Bankr. N.D.Cal. 2008) revisited its prior ruling after the first *McKinney* case. This time the court found that §330(a)(7) did indeed create a presumption that the commission percentages in §326 were reasonable compensation, but it refused to allow same and instead applied a lodestar type analysis *Id. at 494*.

The common defect in all of these decisions is that the opinions do not reflect a reasoned and strict construction of the BAPCPA amendments. They either give no import to §330(a)(7) and its clear language regarding the calculus of reasonable compensation as a commission, or, they attempt to infer the requirement of a lodestar type analysis to §330(a)(7) through §330(a)(1) where it was specifically omitted by Congress in enacting BAPCPA.

13

## V. **CONCLUSION**

The plain language of the BAPCPA amendments to §326 and §330 unambiguously demonstrate congressional intent to change the method of compensating Chapter 7 Trustees; treating them the same as other commission based professionals who are routinely utilized in the context of bankruptcy liquidations. The language of the amended statute is unambiguous and lends to only one conclusion: chapter 7 trustee compensation is to be commission based on the percentages delineated in §326. Furthermore, it is reasonable to treat such the percentages in §326 as presumptively reasonable compensation as Congressionally mandated by §330.

Dated: June 16, 2008                                Respectfully Submitted,
                                                    David R. Brown, Trustee

                                                    By: /s/Arthur W. Rummler
                                                        One of his attorneys


David R. Brown
Thomas E. Springer
Arthur W. Rummler
Springer, Brown, Covey, Gaertner & Davis, LLC
Wheaton Executive Center
400 South County Farm Road
Suite 330
Wheaton, IL 60187
(630) 510-0000